# EXHIBIT 10

**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

ALVIN L. BRAGG, JR.
DISTRICT ATTORNEY

LESLIE B. DUBECK
GENERAL COUNSEL

March 23, 2023

By email

The Honorable Jim Jordan
Chairman, House Committee on the Judiciary

The Honorable Bryan Steil
Chairman, House Committee on House Administration

The Honorable James Comer
Chairman, House Committee on Oversight and Accountability

Dear Chairman Jordan, Chairman Steil, and Chairman Comer:

The District Attorney of New York County is investigating allegations that Donald Trump engaged in violations of New York State penal law. The investigation is one of thousands conducted by the Office of the District Attorney in its long history of pursuing justice and protecting New Yorkers. The investigation has been conducted consistently with the District Attorney's oath to faithfully execute the laws of the State of New York. The District Attorney pledged that the DA's Office would "publicly state the conclusion of our investigation—whether we conclude our work without bringing charges, or move forward with an indictment."[1] He stands by that pledge. And if charges are brought at the conclusion, it will be because the rule of law and faithful execution of the District Attorney's duty require it.

Your letter dated March 20, 2023 (the "Letter"), in contrast, is an unprecedent inquiry into a pending local prosecution. The Letter only came after Donald Trump created a false expectation that he would be arrested the next day[2] and his lawyers reportedly urged you to intervene.[3] Neither fact is a legitimate basis for congressional inquiry.

---

[1] Statement by Manhattan District Attorney Alvin Bragg on Ongoing Investigation Concerning the Trump Organization (April 7, 2022), available at: https://www.manhattanda.org/statement-by-manhattan-district-attorney-alvin-bragg-on-ongoing-investigation-concerning-the-trump-organization/.

[2] *Trump says 'illegal leaks' indicate he'll be arrested Tuesday*, FoxNews, March 18, 2023, available at: https://www.foxnews.com/politics/trump-says-illegal-leaks-indicate-arrested-tuesday.

[3] Shane Goldmacher, et al., *For the G.O.P., a Looming Trump Indictment Takes Center Stage*, N.Y. Times (March 20, 2023) (quoting a letter from Joseph Tacopina, a lawyer for Donald Trump, to Chairman Jordan, encouraging Congress to investigate the District Attorney).

In New York, the District Attorney is a constitutional officer charged with "the responsibility to conduct all prosecutions for crimes and offenses cognizable by the courts of the county in which he serves." *People v Di Falco*, 44 N.Y.2d 482, 486 (1978); *see also Matter of Haggerty v. Himelein*, 89 N.Y.2d 431, 436 (1997); *Matter of Schumer v. Holtzman*, 60 N.Y.2d 46, 52 (1983). These are quintessential police powers belonging to the State, and your letter treads into territory very clearly reserved to the states. It suggests that Congress's investigation is being "conducted solely for the personal aggrandizement of the investigators or to 'punish' those investigated," and is, therefore, "indefensible." *Watkins v. United States*, 354 U.S. 178, 187 (1957).

As articulated below, the District Attorney is obliged by the federal and state constitutions to protect the independence of state law enforcement functions from federal interference. The DA's Office therefore requests an opportunity to meet and confer with committee staff to better understand what information the DA's Office can provide that relates to a legitimate legislative interest and can be shared consistent with the District Attorney's constitutional obligations.

### Compliance with the Letter Would Interfere with Law Enforcement

The Letter seeks non-public information about a pending criminal investigation, which is confidential under state law. CPL § 190.25(4)(a) ("Grand jury proceedings are secret"); Penal Law § 215.70 (prosecutor's disclosure of grand jury evidence is a felony unless "in the proper discharge of his official duties or upon written order of the court"); *Sanchez v. City of New York*, 201 A.D.2d 325, 326 (1st Dept. 1994) (witness statements to the District Attorney's Office protected by the public interest privilege); Public Officers Law § 87(2)(e) (shielding materials "compiled for law enforcement purposes" from public disclosure where disclosure would "interfere with law enforcement investigations" or "disclose confidential information relating to a criminal investigation").[4]

These confidentiality provisions exist to protect the interests of the various participants in the criminal process—the defendant, the witnesses, and members of the grand jury—as well as the integrity of the grand jury proceeding itself. Like the Department of Justice, as a prosecutor exercising sovereign executive powers, the District Attorney has a constitutional obligation to "protect the government's ability to prosecute fully and fairly," to "independently and impartially uphold the rule of law," to "protect witnesses and law enforcement," to "avoid flight by those implicated in our investigations," and to "prevent additional crimes."[5]

---

[4] That the investigation relates to a former President does not change this analysis. Even Donald Trump has conceded that he is not immune from local criminal prosecution. *See Trump v. Vance*, 591 U.S. ___, 140 S. Ct. 2412, 2426-27 (2020) (noting that the President "concedes—consistent with the position of the Department of Justice—that state grand juries are free to investigate a sitting President with an eye toward charging him after the completion of his term").

[5] Letter from Assistant Attorney General Carlos Uriarte to Chairman Jordan, dated January 20, 2023, at page 3-4. (Available at https://www.politico.com/f/?id=00000185-d087-dde8-a9af-d4afeba70000).

Consistent with these constitutional obligations, the DA's Office is cognizant of DOJ's "[l]ongstanding" policy of not providing Congress with non-public information about investigations.[6]

With regard to pending federal investigations, "Congress seems generally to have been respectful of the need to protect material contained in open criminal investigative files. There is almost no precedent for Congress attempting to subpoena such material, and even fewer examples of the DOJ actually producing such documents."[7]

**Requests Regarding the Exercise of State Police Powers Violate New York's Sovereignty**

The Letter's requests are an unlawful incursion into New York's sovereignty. Congress's investigative jurisdiction is derived from and limited by its power to legislate concerning federal matters. *See, e.g., Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491, 503-05 (1975); *Barenblatt v. United States*, 360 U.S. 109, 111-12 (1959); *Kilbourn v. Thompson*, 103 U.S. 168, 195-96 (1880).

The Constitution limits Congress's powers to those specifically enumerated; and the Tenth Amendment ensures that any unenumerated powers are reserved to the States. *New York v. United States*, 505 U.S. 144, 155-56 (1992). It is therefore generally understood that a Congressional committee may not "inquire into matters which are . . . reserved to the States." Charles W. Johnson, *et al.*, House Practice: A Guide to the Rules, Precedents, and Procedures of the House at 254 (GPO 2017)[8]; *see also Watkins*, 354 U.S. at 187 ("The power of the Congress to conduct investigations . . . comprehends probes into departments of the *Federal* Government . . . .") (emphasis added).[9]

Among the powers reserved to the states, "[p]erhaps the clearest example of traditional state authority is the punishment of local criminal activity." *Bond v. United States*, 572 U.S. 844, 858 (2014). Thus, federal interference with state law enforcement "is peculiarly inconsistent with our federal framework." *Cameron v. Johnson*, 390 U.S. 611, 618 (1968); *see also Printz v. United*

---

[6] *Id.* at 3.

[7] Todd David Peterson, *Congressional Oversight of Open Criminal Investigations*, 77 Notre Dame L. Rev. 1373, 1410 (2002); *see also* Alissa M. Dolan & Todd Garvey, *CRS Report for Congress: Congressional Investigations of the Department of Justice, 1920-2012: History, Law, and Practice*, 2 (Nov. 5, 2012) (available at https://sgp.fas.org/crs/misc/R42811.pdf) ("Department [of Justice] rarely releases—and committees rarely subpoena—material relevant to open criminal investigations.").

[8] Available at https://www.govinfo.gov/content/pkg/GPO-HPRACTICE-115/pdf/GPO-HPRACTICE-115.pdf.

[9] Consistent with this general understanding, this type of inquiry appears to be unprecedented. The only precedent is one aimed at an ongoing state *civil* investigation that was never enforced. *See* Lemos, et al. Letter to House Committee on Science & Technology (Sept. 13, 2016) (scholarly review of subpoenas from the House Committee on Science & Technology to state Attorneys General regarding pending *civil* investigations, and stating: "To our knowledge, Congress has *never* before attempted to use its investigatory authority to interfere with an ongoing state investigation."), available at page 814 of https://docs.house.gov/meetings/SY/SY00/20160914/105259/HHRG-114-SY00-20160914-SD004.pdf.

*States*, 521 U.S. 898, 931 n.15 (1997) (Tenth Amendment limits federal power over local law enforcement). Invoking these principles of comity, equity, and federalism, the Supreme Court held, in *Younger v. Harris*, that federal courts may not interfere in pending state criminal prosecutions absent extraordinary circumstances. 401 U.S. 37 (1971). This holding reflects a "continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

Against this history, it is clear that Congress cannot have any legitimate legislative task relating to the oversight of local prosecutors enforcing state law. To preserve the Constitution's federalist principles, the District Attorney is duty bound by his constitutional oath to New York's sovereign interest in the exercise of police powers reserved to the States under the Tenth Amendment.

### Congressional Review of a Pending Criminal Investigation Usurps Executive Powers

Congress is not the appropriate branch to review pending criminal matters. As the Supreme Court noted in *Watkins*, "Congress [is not] a law enforcement or trial agency. These are functions of the executive and judicial departments of government." 354 U.S. at 187. "[T]he power [of Congress] to investigate must not be confused with any of the powers of law enforcement; those powers are assigned under our Constitution to the Executive and the Judiciary." *Quinn v. United States*, 349 U.S. 155, 161 (1955).

If a grand jury brings charges against Donald Trump, the DA's Office will have an obligation, as in every case, to provide a significant amount of discovery from its files to the defendant so that he may prepare a defense. The Letter's allegation that the DA's Office is pursuing a prosecution for political purposes is unfounded, and regardless, the proper forum for such a challenge is the Courts of New York, which are equipped to consider and review such objections. In addition, review by the U.S. Supreme Court would be available to the extent any criminal case raises federal issues. That is the mechanism afforded to every defendant in a criminal case. Congress has no role to play in that review, especially as to a pending *state* criminal proceeding. *See Younger*, 401 U.S. at 43-45.

### Federal Funding is an Insufficient Basis to Justify These Unconstitutional Requests

The Letter indicates that its requests may be related to a review of federal public safety funds. But the Letter does not suggest any way in which either the District Attorney's testimony about his prosecutorial decisions or the documents and communications of former Assistant District Attorneys on a pending criminal investigation would shed light on that review.

Nonetheless, to assist Congress in understanding the ways in which the DA's Office has used federal funds, we are preparing and will submit a letter describing its use of federal funds.

\*   \*   \*

We trust that you appreciate the importance of our federal system, state law enforcement activities, and the critical need to maintain the integrity and independence of state criminal law enforcement from federal interference. While the DA's Office will not allow a Congressional investigation to impede the exercise of New York's sovereign police power, this Office will always treat a fellow government entity with due respect. Therefore, again, we request a meet and confer to understand whether the Committee has any legitimate legislative purpose in the requested materials that could be accommodated without impeding those sovereign interests. We simply expect that our office also be treated "in a manner consistent with [New York's] status as a residuary sovereign[] and joint participant[] in the governance of the Nation." *Alden v. Maine*, 527 U.S. 706, 748 (1999) (Kennedy, J.).

Respectfully Submitted,

Leslie B. Dubeck
General Counsel

cc:   Honorable Jerrold Nadler, Ranking Member, Committee on the Judiciary

Honorable Joseph Morelle, Ranking Member, Committee on House Administration

Honorable Jamie Raskin, Ranking Member, Committee on Oversight and Accountability

Majority Staff, Committee on the Judiciary

Minority Staff, Committee on the Judiciary