IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| ALVIN L. BRAGG, JR., in his official capacity as District Attorney for New York County,<br><br>       Plaintiff,<br><br>       v.<br><br>JIM JORDAN, in his official capacity as Chairman of the Committee on the Judiciary, COMMITTEE ON THE JUDICIARY OF THE UNITED STATES HOUSE OF REPRESENTATIVES, and MARK F. POMERANTZ,<br><br>       Defendants. | 1:23-CV-03032-MKV<br><br>DECLARATION OF MARK F. POMERANTZ |

  I, Mark F. Pomerantz, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

  1.  I submit this declaration in support of the plaintiff's application for a temporary restraining order and a preliminary injunction barring the immediate enforcement of a subpoena served upon me by the House Judiciary Committee. Although I am nominally a defendant in this action, I have no objection to the relief that the District Attorney has requested. I consent to that relief, and indeed urge this Court to grant it.

  2.  According to the letter I received from Rep. Jim Jordan (attached as Exhibit 1), the Chairman of the Judiciary Committee seeks my testimony with respect to its "oversight" of the District Attorney's recent indictment of Donald Trump. Rep. Jordan's letter cites Congress's purported interest in "preventing politically motivated prosecutions" of Presidents. The letter also refers to Congress's interest in regulating the District Attorney's Office use of federal forfeiture funds.

3.      I was not involved in the decision to seek Donald Trump's indictment on the charges filed against him.  I was sworn in as a special assistant district attorney in New York County on February 2, 2021.  I resigned from this position in the District Attorney's Office on February 23, 2022.

4.      According to published reports, the decision to recommend prosecution on the charges contained in the indictment took place long after my resignation.[1]  I have had no conversations about prosecuting Mr. Trump with the District Attorney or any member of the prosecution team following my resignation.  I also do not have any personal knowledge of the District Attorney's Office's use of federal forfeiture funds, including the use of any such funds during my tenure at the Office.

5.      The District Attorney's Office has formally instructed me, in writing, not to provide any information about my prior work for the Office to the Judiciary Committee in response to the subpoena.  Attached is a copy of a letter to me, dated April 11, 2023, from Leslie Dubeck, General Counsel to the District Attorney (Exhibit 2).  That letter instructs me, "as a former attorney and employee of the DA's office, to not provide any information to the Committee concerning [my] work at the DA's office."  Pomerantz Decl., Ex. 2. Additionally, certain information is protected by the secrecy provisions of Article 190 of New York's Criminal Procedure Law, and some disclosures of grand jury information may be punishable as felonies.  Answering questions from the Judiciary Committee about my work for the District Attorney's Office therefore poses a legal risk to me if I disclose information that a prosecutor might regard as protected by grand jury secrecy, even if I

---

[1] *E.g.,* Jonah E. Bromwich, Ben Protess & William K. Rashbaum, *How Alvin Bragg Resurrected the Case Against Donald Trump*, N.Y. TIMES (Mar. 31, 2023), https://www.nytimes.com/2023/03/31/nyregion/alvin-bragg-trump-investigation.html

disagree. Also, answering questions from the Judiciary Committee about my tenure as a prosecutor poses the risk that my testimony could be used to jeopardize or interfere with either the charged criminal case against Mr. Trump or other ongoing investigations.

6. Absent some relief from this Court, I will find myself in an impossible position. If I refuse to provide information to the Committee, I risk being held in contempt of Congress and referred to the Department of Justice for possible criminal prosecution. If, on the other hand, I defy the District Attorney's instructions and answer questions, I face possible legal or ethical consequences, including criminal prosecution. Further, if I were to testify, I believe that the District Attorney would instruct me to assert the various claims of privilege he has identified in his moving papers. *See* Pl.'s Mem. of Law 20–22, ECF No. 8. The District Attorney believes that I cannot waive the privileges that belong to him, and that my prior public statements do not constitute a privilege waiver by him or his Office. I agree, but the Committee appears not to recognize the validity of the District Attorney's privilege claims, and Rep. Jordan's letter claims that my prior public statements require me to answer questions even about matters as to which the District Attorney claims privilege. I risk being placed in this position even though I was not involved in the decision to bring the pending prosecution and cannot assist the Committee in accomplishing its purported purpose of exercising "oversight" of that prosecution.

7. I believe that the Committee seeks my testimony not for any legitimate legislative purpose, but rather to impede and interfere with the District Attorney's Office's ongoing work, assist Mr. Trump in his defense, probe my political views, and harass me because I was the author of *People v. Donald Trump*, a book that Mr. Trump and some of his supporters do not like. Even assuming, contrary to fact, that the Committee's

"oversight" interests are not pretextual, and that I had information that was pertinent to a legitimate legislative purpose, the subpoena to me should not be enforced. The institutional interests that have been proffered by the District Attorney, together with the personal burden placed on me as the recipient of the Committee's subpoena, vastly outweigh the need for my testimony.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
April 17, 2023

By: *[signature]*
Mark F. Pomerantz