# Exhibit U

REGULATIONS FOR THE USE OF DEPOSITION AUTHORITY

1. Notices for the taking of depositions shall specify the date, time, and place of examination. Depositions shall be taken under oath administered by a member or a person otherwise authorized to administer oaths. Depositions may continue from day to day.

2. Consultation with the ranking minority member shall include three days' notice before any deposition is taken. All members of the committee shall also receive three days written notice that a deposition will be taken, except in exigent circumstances. For purposes of these procedures, a day shall not include Saturdays, Sundays, or legal holidays except when the House is in session on such a day.

3. Witnesses may be accompanied at a deposition by two designated personal, nongovernmental attorneys to advise them of their rights. Only members, committee staff designated by the chair or ranking minority member, an official reporter, the witness, and the witness's two designated attorneys are permitted to attend. Other persons, including government agency personnel, may not attend.

4. The chair of the committee noticing the deposition may designate that deposition as part of a joint investigation between committees, and in that case, provide notice to the members of the committees. If such a designation is made, the chair and ranking minority member of the additional committee(s) may designate committee staff to attend pursuant to regulation 3. Members and designated staff of the committees may attend and ask questions as set forth below.

5. A deposition shall be conducted by any member or committee counsel designated by the chair or ranking minority member of the Committee that noticed the deposition. When depositions are conducted by committee counsel, there shall be no more than two committee counsel permitted to question a witness per round. One of the committee counsel shall be designated by the chair and the other by the ranking minority member per round.

6. Deposition questions shall be propounded in rounds. The length of each round shall not exceed 60 minutes per side and shall provide equal time to the majority and the minority. In each round, the member(s) or committee counsel designated by the chair shall ask questions first, and the member(s) or committee counsel designated by the ranking minority member shall ask questions second.

7. Objections must be stated concisely and in a non-argumentative and non-suggestive manner. A witness's attorney may not instruct a witness to refuse to answer a question, except to preserve a privilege. In the event of professional, ethical, or other misconduct by the witness's attorney during the deposition, the Committee may take any appropriate disciplinary action. The witness may refuse to answer a question only to preserve a privilege. When the witness has refused to

answer a question to preserve a privilege, members or staff may (i) proceed with the deposition, or (ii) either at that time or at a subsequent time, seek a ruling from the Chair either by telephone or otherwise. If the Chair overrules any such objection and thereby orders a witness to answer any question to which an objection was lodged, the witness shall be ordered to answer. If a member of the committee chooses to appeal the ruling of the chair, such appeal must be made within three days, in writing, and shall be preserved for committee consideration. The Committee's ruling on appeal shall be filed with the clerk of the Committee and shall be provided to the members and witness no less than three days before the reconvened deposition. A deponent who refuses to answer a question after being directed to answer by the chair may be subject to sanction, except that no sanctions may be imposed if the ruling of the chair is reversed by the committee on appeal.

8. The Committee chair shall ensure that the testimony is either transcribed or electronically recorded or both. If a witness's testimony is transcribed, the witness or the witness's attorney shall be afforded an opportunity to review a copy. No later than five days after the witness has been notified of the opportunity to review the transcript, the witness may submit suggested changes to the chair. Committee staff may make any typographical and technical changes. Substantive changes, modifications, clarifications, or amendments to the deposition transcript submitted by the witness must be accompanied by a letter signed by the witness requesting the changes and a statement of the witness's reasons for each proposed change. Any substantive changes, modifications, clarifications, or amendments shall be included as an appendix to the transcript conditioned upon the witness signing the transcript.

9. The individual administering the oath, if other than a member, shall certify on the transcript that the witness was duly sworn. The transcriber shall certify that the transcript is a true record of the testimony, and the transcript shall be filed, together with any electronic recording, with the clerk of the committee in Washington, DC. Depositions shall be considered to have been taken in Washington, DC, as well as the location actually taken once filed there with the clerk of the committee for the committee's use. The chair and the ranking minority member shall be provided with a copy of the transcripts of the deposition at the same time.

10. The chair and ranking minority member shall consult regarding the release of deposition testimony, transcripts, or recordings, and portions thereof. If either objects in writing to a proposed release of a deposition testimony, transcript, or recording, or a portion thereof, the matter shall be promptly referred to the committee for resolution.

11. A witness shall not be required to testify unless the witness has been provided with a copy of section 3(k) of H. Res. 5, 118th Congress, and these regulations.

REGULATIONS FOR THE REMOTE PARTICIPATION
OF COMMITTEE WITNESSES

Except as provided by section 3(j) of H. Res. 5, 118th Congress and these regulations, witnesses shall testify before a committee in person. No remote testimony will be accepted from witnesses testifying in a government capacity.  In the event the chair of a committee determines that testimony of a witness appearing in a non-governmental capacity is necessary and such a witness is only available to participate remotely due to extreme hardship or other exceptional circumstances, the chair may allow the witness to participate remotely, with written approval from the Majority Leader.

The official record of the committee proceeding shall include a letter from the chair detailing the necessity of allowing the witness to participate remotely, a description of why the witness could not participate in person, why such testimony was necessary for purposes of fulfilling Congress's Article I responsibility, and a letter from the Majority Leader approving of such remote participation.

The witness must agree to remain on the platform until excused by the chair. The witness should conduct a pre-hearing technology test with staff designated by the chair, to ensure the witness will have sufficient internet connection during the hearing, and to minimize the possibility of any technical issues.

No witness appearing in a governmental capacity may participate remotely. No witness testifying before a committee in response to a subpoena is permitted to testify remotely, unless both the chair of the committee and the Majority Leader authorize such testimony in writing and printed in the Congressional Record.

Any text based or private messaging function in the software platform used to facilitate the participation of a remote witness must be disabled unless it is used to provide technical support to the witness, which may be excluded from the public video stream and will not be considered a committee record.

Only witnesses approved for remote participation may have participatory access on the software platform.

Committees may only utilize a software platform certified by the Chief Administrative Officer. The Chief Administrative Officer should inform committees, including the ranking minority members, each time a software platform is certified.

Witnesses participating remotely should appear before a nonpolitical, professional appropriate background that is minimally distracting to other members and

witnesses, to the greatest extent possible. It remains within the full discretion of the chair to enforce rules of decorum for committee proceedings.

Any committee report of activities submitted pursuant to clause 1(d)(1) of rule XI should include a list of hearings conducted with remote participation.

A witness participating remotely in a committee proceeding shall be visible onscreen within the software platform until excused by the chair. The witness shall disclose to the chair and ranking member any additional individual(s) present off screen.

Witness counsel shall be allowed access on the remote proceeding software platform if they are not in the physical presence of the witness. It is recommended that counsel facilitate a separate secure line of communication with the witness. A witness may not be unmuted by any other individual and should be allowed to use such secure line of communication while testifying to confer with counsel.

A witness may not allow an individual not invited to testify to speak on the platform. The committee chair may only provide an exception when the other individual is necessary to facilitate the witness's participation in the hearing (e.g. translators).

A chair may not authorize remote participation for more than one witness at a committee hearing without the approval of the Majority Leader in writing and printed in the Congressional Record.