

250 Vesey Street
27th Floor
New York, NY 10281

wmhlaw.com
T: 212-335-2030
F: 212-335-2040

April 18, 2023

**Via ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: ***Alvin L. Bragg, Jr., v. Jim Jordan et al.*, Docket No. 23-cv-3032 (MKV)**

Dear Judge Vyskocil:

We write on behalf of 40 former state and federal prosecutors (*see* attached Appendix A), alumni of several prosecutorial offices, respectfully to aid the Court as *amici curiae* in the above-captioned matter. With great urgency, we wish to convey to the Court just how profoundly wrong and threatening to the rule of law is the conduct of Defendants Jim Jordan and the Committee on the Judiciary of the U.S. House of Representatives (the "Congressional Defendants"), and we move the Court to accept this *amicus* submission for that purpose.[1] Additionally, we understand that the Court will hold a hearing on Plaintiff's motion for a temporary restraining order tomorrow, April 19, 2023. In the event that the Court sets a briefing schedule in connection with further proceedings, we respectfully request the opportunity to file an *amicus* brief to assist the Court in adjudicating the important issues at stake in this case.

"There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an *amicus* brief in the district court." *C & A Carbone, Inc. v. Cnty. of Rockland, N.Y.*, No. 08-CV-6459 (ER), 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (internal quotations omitted). The Court thus has "firm discretion" to resolve a motion for leave to file an *amicus* brief. *Id.* We respectfully request that the Court permit our submission, as "[a]n amicus brief should normally be allowed . . . when," as in this case, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

As former prosecutors, *amici* collectively have decades of experience prosecuting every conceivable type of criminal matter at the state and federal level. Each of us, in our former role as prosecutor, has wielded a solemn power to act fairly and independently as a "minister of justice and not simply that of an advocate." ABA Model Rules of Professional Conduct, Rule 3.8, cmt. ¶ 1; *see also Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty . . . whose interest . . .

[1] Plaintiff and Defendant Mark F. Pomerantz consent to our appearance and the Congressional Defendants have informed *amici* that they oppose this submission on the grounds that they "will not have an opportunity to respond to the arguments" set forth herein. No party's counsel authored this letter submission in whole or in part, no party or party's counsel contributed money that was intended to fund preparing of this submission, and no person contributed money that was intended to fund this submission.

in a criminal prosecution is not that it shall win a case, but that justice shall be done."). Accordingly, and with our collective experience, we are uniquely qualified to share with the Court our perspectives on the profound issues at stake in this case, the most significant of which is nothing less than the independence of the prosecutorial function upon which our entire criminal justice system depends.

Among other things, as set forth in the Complaint, the Congressional Defendants have demanded confidential documents and testimony from District Attorney Bragg as well as his current and former employees and officials, served a Congressional subpoena on Mark Pomerantz (a former Special Assistant District Attorney), and have held a "field hearing" in New York City—all in response to the District Attorney's investigation and subsequent procurement of a Grand Jury indictment of one individual. These actions of the Congressional Defendants threaten to grossly undermine the role of the prosecutor, hinder the criminal investigative and trial processes, and upend this country's centuries-old balance of separation of powers and federalism.

*First*, the conduct of the Congressional Defendants is obstructive to the role and function of a prosecutor. Prosecutors at every level require, perhaps above all else, *independence* to thoroughly investigate, assess the facts, deliberate with colleagues, and make charging decisions in the interest of justice and fairness. In every investigation, prosecutors are given the awesome responsibility of making decisions that may impact individual liberty and public safety. Critically, prosecutors need the freedom to make these weighty decisions without intrusive or obstructive political second-guessing. Indeed, "[t]he state has a fundamental and overriding interest in ensuring the integrity and independence of the office of district attorney." *Hoerger v. Spota*, 21 N.Y.3d 549, 553 (2013). Outside pressure serves only to hinder or prevent prosecutors from fulfilling their duty to make decisions grounded in the law and facts. While public pressure is often unavoidable in high-profile investigations, to have such pressure come from a separate branch of government, let alone a separate sovereign, is unconscionable. The conduct of the Congressional Defendants—including their apparent desire to seek to depose a former prosecutor of a separate sovereign about prosecutorial deliberations—poses a direct threat to the independence and confidentiality that facilitates the prosecutor's investigative and decision-making function. Permitting such conduct would cause an immediate and irreparable chilling effect not only upon the prosecutors in this case but upon others who may fear that their work product could likewise be the subject of similar legislative inquiry.

*Second*, the conduct of the Congressional Defendants seriously challenges each stage of the prosecutorial process. As for the investigative stage, confidentiality serves as a fundamental pillar of any criminal investigation. Without the assurance of confidentiality, witnesses will be reluctant to cooperate with law enforcement and may fear for their safety. Undue outside influence, such as that fomented by the Congressional Defendants here, could also alter or color witnesses' recollections and testimony. Moreover, a Congressional subpoena would significantly undermine criminal procedure rules regarding investigations, including grand jury secrecy. *See, e.g., McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019) ("The Supreme Court has long maintained that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.") (internal quotations omitted); Fed. R. Crim. P. 6(e) (mandating secrecy of federal grand jury proceedings); N.Y. Crim. Proc. Law § 190.25(4)(a) (mandating secrecy of New York state grand jury proceedings); N.Y. Penal Law § 215.70 (punishing intentional disclosure of

grand jury proceedings as a felony). Grand jury secrecy protects critical interests in: "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *McKeever*, 920 F.3d at 844. Here, Congressional Defendants seek to gather facts to be presented to the public unconstrained by rules of evidence and without regard for New York law governing grand jury secrecy. With the erosion of that secrecy, prosecutors' ability to gather facts and conduct fair investigations would be severely impaired. And that harm would be irreparable as statutes of limitations run and crimes remain unprosecuted.

With respect to those criminal investigations that result in charges being filed, the conduct of the Congressional Defendants threatens the integrity of the trial process. The overreach here is staggering as the Congressional Defendants effectively seek to create a dual-track discovery process that would circumvent New York's established laws of criminal procedure. At the trial phase, not only do the same concerns apply regarding the impact on witness testimony and cooperation, but the defendant's liberty is more concretely at stake. A Congressional subpoena seeking information about the investigative process could publicly reveal details that would undermine the presumption of innocence that a defendant enjoys throughout all stages of a criminal trial. Investigations often uncover information that would not ordinarily be admissible at trial, but if made public could prejudice the defendant. In high-profile cases, in particular, disclosing such information could also improperly tamper with the jury pool. Indeed, a Congressional subpoena could inflame public sentiment and politicize what should be a scrupulously fair trial. Even for an investigation of a suspect that is not ultimately charged, a subpoena could reveal details prejudicial and harmful to the suspect that otherwise would be kept confidential.

*Third*, the conduct of the Congressional Defendants is not only disruptive for the reasons set forth above but is additionally troubling because it runs roughshod over our nation's well-established principles of separation of powers and federalism. Under our criminal justice system, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Wayte v. United States*, 470 U.S. 598, 607 (1985). Owing to these "substantial concerns," the judiciary is "properly hesitant" to examine a prosecutor's decision "whether to prosecute." *Id.* at 607-08. Congress has even less of a basis to interfere. "The Constitution excludes Congress from any involvement in prosecutorial decisions in individual cases even more forcefully than it excludes the judiciary [and] . . . requires federal prosecutorial independence from congressional interference in order to protect individual liberty and preserve the integrity of the criminal justice system." Todd D. Peterson, *Federal Prosecutorial Independence*, 15 Duke J. Const. L. & Pub. Pol'y 217, 260-61 (2020). The interference in this case would thus be troubling enough were the Congressional Defendants seeking to influence a federal prosecution. It is ever more objectionable where, as here, the federal interference seeks to undermine a *state* prosecution. "[T]he Founders undeniably left [police powers] reposed in the States." *United States v. Morrison*, 529 U.S. 598, 599 (2000).

For the above reasons, we respectfully request that the Court accept this *amicus* letter motion and, if the Court sets any further briefing schedule in this case, permit *amici* to file an *amicus* brief to aid the Court in its decision.

Respectfully submitted,

Jeffrey A. Udell
(former Assistant United States Attorney,
Southern District of New York, 1999-2005)

Alexander Kahn (*pro hac vice* forthcoming)
(former Assistant District Attorney,
New York County, 2014-2021)

cc: All counsel (by ECF)

# Appendix A

| Name | Former Affiliation |
|---|---|
| Temidayo Aganga-Williams | Assistant United States Attorney, Eastern District of New York (2017-2021) |
| Daniel Alonso | Assistant United States Attorney, Eastern District of New York (1996-2005)<br>Assistant District Attorney, New York County (1990-1995; 2010-2014) |
| Pete Baldwin | Assistant United States Attorney, Eastern District of New York (2013-2018)<br>Assistant United States Attorney, Central District of California (2009-2013) |
| Elaine Banar | Assistant United States Attorney, Eastern District of New York (1995-2008) |
| Paul Bergman | Assistant United States Attorney, Eastern District of New York (1972-1976) |
| Lee Bergstein | Assistant District Attorney, Queens County (2007-2014)<br>Assistant Attorney General, Office of the New York State Attorney General (2014-2016) |
| Adam K. Brody | Assistant District Attorney, Queens County (2012-2018) |
| Zachary Carter | Corporation Counsel of the City of New York (2014-2019)<br>United States Attorney, Eastern District of New York (1993-1999)<br>Assistant United States Attorney, Eastern District of New York (1975-1980) |
| Daniel J. Castleman | Assistant District Attorney, New York County (1979-2009) |
| Eric Chaffin | Assistant United States Attorney, Eastern District of New York (1999-2004) |
| Derek Cohen | Deputy Chief of Fraud Section, Department of Justice (2010-2013)<br>Assistant United States Attorney, Eastern District of Pennsylvania (2004-2013)<br>Assistant District Attorney, New York County (1995-1998) |
| John Curran | Assistant United States Attorney, Eastern District of New York (1990-2005)<br>Deputy General Counsel for National Security Affairs for the Federal Bureau of Investigation (2003-2004) |
| Soumya Dayananda | Assistant United States Attorney, Eastern District of New York (2009-2020)<br>Assistant District Attorney, New York County (2001-2009) |
| Patricia Gatling | First Assistant District Attorney, Kings County (1983-2002) |
| Mitra Hormozi | Assistant United States Attorney, Eastern District of New York (2001-2008) |
| Dan Horwitz | Assistant District Attorney, New York County (1991-2000) |
| Ilene Jaroslaw | Assistant United States Attorney, Eastern District of New York (1991-2013) |
| Christopher Jensen | Assistant United States Attorney, Eastern District of New York (1975-1980) |
| Doreen Klein | Assistant District Attorney, New York County (1987-2001) |
| Jane A. Levine | Assistant United States Attorney, Southern District of New York (1996-2006) |
| John Libby | Assistant United Stated Attorney, Central District of California (1989-1995) |
| John Martin | Assistant District Attorney, New York County (1985-2003)<br>Assistant United States Attorney, Eastern District of New York (2003-2008) |
| Michele Mayes | Assistant United States Attorney, Eastern District of New York (1979)<br>Assistant United States Attorney, Eastern District of Michigan (1979-1982) |
| Sharon L. McCarthy | Assistant United States Attorney, Southern District of New York (1994-2006) |
| Glen McGorty | Assistant United States Attorney, Southern District of New York (2001-2012) |

| | |
|---|---|
| Daniel S. Parker | Assistant District Attorney, New York County (1984-1991) |
| Avni Patel | Assistant District Attorney, Bronx County (2011-2015) |
| Deanna Paul | Assistant District Attorney, Kings County (2014-2017)<br>Assistant District Attorney, Queens County (2011-2014) |
| Benjamin Pred | Assistant District Attorney, Queens County (2011-2016) |
| Roland G. Riopelle | Assistant United States Attorney, Southern District of New York (1992-1198) |
| Victor Rocco | Assistant United States Attorney, Eastern District of New York (1976-1983) |
| Elizabeth Roper | Assistant District Attorney, New York County (2006-2022) |
| Shira Scheindlin | United States District Judge, Southern District of New York (1994-2016)<br>Assistant United States Attorney, Eastern District of New York (1977-1981) |
| David Shapiro | United States Attorney, Northern District of California (2001-2002)<br>Assistant United States Attorney, Eastern District of New York (1986-1992)<br>Assistant United States Attorney, District of Arizona (1992-1995)<br>Assistant United States Attorney, Northern District of California (1995-2001) |
| Larry Silverman | Assistant United States Attorney, Eastern District of New York (1978-1982) |
| Peter Sobol | Assistant United States Attorney, Southern District of New York (1982-2009) |
| Brendan Tracy | Assistant District Attorney, New York County (2010-2019)<br>Assistant District Attorney, Richmond County (2019-2022) |
| Jim Walden | Assistant United States Attorney, Eastern District of New York (1993-2002) |
| Deirdre Waldron Power | Assistant District Attorney, New York County (1991-1998) |
| Milton Williams | Assistant United States Attorney, Southern District of New York (1990-1994)<br>Assistant District Attorney, New York County (1986-1990) |