# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071
Tel 213.229.7000
gibsondunn.com

Theodore J. Boutrous Jr.
Direct: +1 213.229.7804
Fax: +1 213.229.6804
TBoutrous@gibsondunn.com

April 18, 2023

<u>VIA ECF</u>

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007-1312

Re:     *Bragg v. Jim Jordan et al.*, Case No. 1:23-cv-03032 (MKV)

Dear Judge Vyskocil:

We write as counsel to Plaintiff Manhattan District Attorney Alvin L. Bragg, Jr., in the above-captioned action to seek leave to file a reply brief to Chairman Jim Jordan and the House Judiciary Committee's Opposition to District Attorney Bragg's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 27).  The proposed reply brief is attached hereto as **Exhibit A**.  Plaintiff also requests leave to file a supplemental declaration along with 16 exhibits, attached hereto as **Exhibit B**.  The proposed exhibits include new relevant evidence, including statements made by Chairman Jordan in multiple tweets and interviews after Plaintiff commenced this action.[1]

Plaintiff respectfully submits that a reply brief would assist the Court as it assesses the multiple weighty issues the parties' briefing has raised.  While Congress has often intervened in challenges to subpoenas it served on third parties, *see Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020); *Trump v. Deutsche Bank AG*, 943 F.3d 627 (2d Cir. 2019); *Bean LLC v. John Doe Bank*, 291 F. Supp. 3d 34 (D.D.C. 2018), or declined to raise Speech or Debate Clause challenges when sued directly for issuing a subpoena, *see Meadows v. Pelosi*, 2022 WL 16571232 (D.D.C. Oct. 31, 2022), here Chairman Jordan and the Committee's Opposition raises several new and material issues in defense of the subpoena, including invoking the Speech or Debate Clause and arguing that the Congressional Defendants are a necessary party under Federal Rule of Civil Procedure 19.  *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.").  For that reason, permitting a brief reply will aid the Court and ensure the parties have fully joined issue in advance of tomorrow's hearing.

---

[1] Plaintiff sought consent from Defendants prior to filing this letter motion.  Mr. Pomerantz consented to Plaintiff's motion.  Congressional Defendants stated that they "[took] no position on [Plaintiff's] motion."

**GIBSON DUNN**

April 18, 2023
Page 2

     Permitting a reply on Plaintiff's motion for a temporary restraining order and preliminary injunction will not prejudice the Chairman or the Committee.  Indeed, under Local Rule 6.1(a), movants are ordinarily able to file reply briefs.  And here, Plaintiff is providing this brief just one day after the Chairman and Committee filed their brief and 24 hours in advance of tomorrow's hearing.

     We appreciate Your Honor's consideration in this matter.

     Respectfully submitted,

     GIBSON DUNN & CRUTCHER LLP

     */s/ Theodore J. Boutrous, Jr.*
     333 South Grand Ave.
     Los Angeles, California 90071
     Tel:  (213) 229-7804
     tboutrous@gibsondunn.com

cc:  All Counsel of Record